IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:16-CR-17 |
| vs. | |
| JIMMIE D. WINDHAM, III, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the presentence investigation report and addendum in this case. The defendant has filed an objection (filing 56) to the presentence report, a motion for downward departure (filing 57), and a motion for variance (filing 58).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the presentence report. Filing 56. The defendant's objection relates to his criminal history calculation: specifically, he objects to the two criminal history points added for a juvenile sentence. *See* filing 56. The government has the initial burden of proving the fact of a defendant's prior conviction by a preponderance of the evidence, after which it is the defendant's burden to show his prior convictions were not constitutionally valid. *United States v. Dodson*, 817 F.3d 607, 610 (8th Cir. 2016); *United States v. Stapleton*, 316 F.3d 754, 756 (8th Cir. 2003); *see United States v. Rodriguez*, 711 F.3d 928, 940 (8th Cir. 2013).

The sentences at issue resulted from the defendant's arrest in 2009, at age 14, for disorderly conduct and possession of marijuana. The sequence of release and detention that followed is complicated. As relevant, the defendant's initial probationary sentence was revoked, and he was eventually placed at the Canyon State Academy in Arizona on July 11, 2011. That apparently did not work out, for reasons that are not clear from the record, and a warrant was issued on April 26, 2012. On December 10, the defendant was committed to the Youth Rehabilitation and Treatment Center, which the defendant represents was the Nebraska state Youth Rehabilitation and Treatment Center in Kearney (YRTC-Kearney). *See* filing 56. He turned 18 in July 2013, and on September 9, he was sentenced to 60 days' imprisonment in Douglas County Court for providing false information. He was "unsuccessfully discharged" from his juvenile placement on October 23.

U.S.S.G. § 4A1.1(b) requires two criminal history points to be assessed for "each prior sentence of imprisonment of at least sixty days." Juvenile sentences of at least sixty days count "if the defendant was released from such confinement within five years of his commencement of the instant offense[,]" U.S.S.G. § 4A1.2(d)(2)(A), which includes both the Canyon State and Kearney sentences.

The defendant's argument is that neither sentence was a "sentence of imprisonment" within the meaning of § 4A1.1(b). He contends that Canyon State "is basically a campus composed of a series of group

homes in which children reside while they go to school and receive treatment and services" and that YRTC-Kearney is "a facility where children, who have not responded to prior treatment, therapy and services, are sent by a juvenile court to continue to work on their issues and continue to receive treatment, therapy, and services." Filing 56 at 1-2. Such placement, the defendant argues, is "not intended to be imprisonment as described in U.S.S.G. § 4A1.1(b). It is intended to be a more intensified treatment facility and juvenile placement as its name implies." Filing 56 at 2.

But the Eighth Circuit has held that even if juvenile confinement differs from adult imprisonment, juvenile sentences are considered in calculating criminal history, and has accordingly rejected a defendant's argument that his placement at the "Ethan Allen Training School for Boys" was not a "sentence of imprisonment" within the meaning of § 4A1.1(b). *United States v. Allen*, 64 F.3d 411, 412-13 (8th Cir. 1995); *accord United States v. Stewart*, 643 F.3d 259, 263-64 (8th Cir. 2011). The Court of Appeals has similarly rejected the argument that a program's rehabilitative purpose is relevant to determining whether it is a sentence of "imprisonment": rather, "[the defendant's] prior sentence to the violator's program reveals the state's policy judgment that he should be confined, regardless of whether the purpose of that restriction was for [his] rehabilitation or simply to keep him away from society." *United States v. Morgan*, 390 F.3d 1072, 1074 (8th Cir. 2004).

The key factor is not the purpose of the detention, but whether the defendant was physically confined without being free to leave. *Id.*; *see Stewart*, 643 F.3d at 263-64. The Court is not familiar with the program at the Canyon State Academy, but commitment to YRTC-Kearney is plainly "imprisonment" as the Eighth Circuit has interpreted it. *See*, Neb. Rev. Stat. §§ 43-286; 43-410; 43-412; and 43-424. Accordingly, the Court's *tentative* finding is that the defendant's objection lacks merit.

3. The defendant has moved for a downward departure pursuant to U.S.S.G. § 4A1.3(b)(1), arguing that his criminal history category substantially represents the seriousness of his criminal history. Filing 57. The Court will decide based on the evidence presented at sentencing whether the defendant met his burden of proving the appropriateness of a downward departure, *see United States v. Cantu*, 12 F.3d 1506, 1511 (9th Cir. 1993), considering the facts of the

- 3 -

defendant's criminal history, *see United States v. Gayles*, 1 F.3d 735, 739 (8th Cir. 1993).

4. The defendant also moves for a variance from the Guidelines range, based on his personal circumstances and the § 3553(a) factors. Filing 58. The Court will resolve that motion at sentencing.

5. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

6. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

7. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

8. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 17th day of August, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge