IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:16-CR-17 |
| vs. | ORDER |
| JIMMIE D. WINDHAM, III, | |
| Defendant. | |

This matter is before the Court on correspondence from the defendant that the Court has construed as a motion for copies (filing 76). The defendant indicates he is not being credited for time spent in state custody and asks the Court for a "copy of the time that you have credited me for." Filing 76. The Court will grant the defendant's motion, and direct the Clerk of the Court to provide the defendant with a copy of his judgment of conviction (filing 71).

But, the Court notes, computation of a federal sentence and credit for time served are governed by 18 U.S.C. § 3585. District courts are not authorized to award credit at sentencing. § 3585(b); *United States v. Wilson,* 503 U.S. 329, 332-35 (1992). The Attorney General, through the Bureau of Prisons, has the exclusive authority to compute and apply a prisoner's credit for time served. *Wilson,* 503 U.S. at 335.[1]

The Court did *recommend*, in its judgment, that the defendant be given credit for time served "from the time his state term was completed." But it is not clear, from the defendant's description, that the Bureau of Prisons is not following that recommendation—under 18 U.S.C. § 3585(b), a defendant may

---

[1] Prisoners may seek administrative review of the BOP's credit determination. *Id.* at 335; *see also* 28 C.F.R. §§ 542.10–.19.

be given credit toward his federal sentence for time served as a result of another charge only where that time has not been credited against another sentence. See *Elwell v. Fisher*, 716 F.3d 477 (8th Cir. 2013). If the defendant received credit against his state sentences for the time spent in state custody, then he may not receive double credit for that same time against his current federal sentence. Regardless, that decision is made by the Bureau of Prisons, not the Court.

In sum: the Court will provide the defendant with a copy of his judgment, but reminds the defendant that the Court's recommendation regarding credit for time served is simply a recommendation, not an order, and the Bureau of Prisons is not bound by it.

IT IS ORDERED:

1. The defendant's motion (filing 76) is granted.

2. The Clerk of the Court shall provide the defendant with a copy of his judgment of conviction (filing 71).

Dated this 31st day of May, 2017.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
United States District Judge